[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties, Barbara A. Luebke and Richard D. Jax, intermarried on February 14, 1987 in Onalaska, Wisconsin.
The parties have resided in the State of Connecticut for at least one year next prior to the filing of the complaint.
The parties have one minor child issue of their marriage, Marissa Jax, born October 13, 1992. There have been no other minor children born to the plaintiff wife since the date of the marriage. CT Page 9808
The plaintiff is employed as an admissions coordinator for Douglas Manor at a gross weekly wage of $693 per week.
The defendant is employed as a sales and administrative employee for W.D. Construction, Inc. at a gross weekly wage of $1,000 per week.
At and prior to the petition for dissolution, the parties owned real estate in Brooklyn, Connecticut. The defendant was involved in his own business which was a paint and wallpaper store. During the operation of the business, the defendant encountered financial difficulties which resulted in very heavy financial losses. The financial conditions affected the parties' relationship and encumbered their credit. As a consequence of the stresses the parties encountered, they separated in September of 1996. Subsequently although attempts to reconcile were made, the defendant aggravated the couple's financial situation by failing to make the mortgage payments on the parties' residence in Brooklyn, Connecticut and charging $6,000 to the plaintiff's credit card unbeknownst to her.
The Brooklyn, Connecticut property was foreclosed with the equity going to attaching creditors. The dwelling which was lost to foreclosure had a market value of $85,000 with a total mortgage of $77,000.
Both parties entered into bankruptcy proceedings and were discharged.
The Court finds, based on the evidence and provisions of Connecticut General Statutes Section 46b-81.[1]
The marriage of the parties has broken down irretrievably and there is no prospect for reconciliation.
The following orders shall enter:
A decree of dissolution based on irretrievable breakdown:
1. The parties shall have joint custody of their child, Marissa Jax, date of birth October 13, 1992, with principal place of residence being with the plaintiff mother, who shall be relocating to the State of Wisconsin in July 1999. CT Page 9809
2. Defendant father shall pay to the plaintiff mother, child support in the amount of $145 per week through contingent wage execution, said support being in accord with the Connecticut Child Support Guidelines.
3. Each party shall provide whatever health insurance is available through their place of employment for the benefit of Marissa as a resident of Wisconsin with benefits to be coordinated. Any medical, dental, ophthalmological, orthodontia, psychiatric, psychological counseling expenses, or other health related service costs for Marissa which are not reimbursed by insurance shall be shared equally by the parties.
4. Child support and health insurance obligations of the parties for Marissa shall continue beyond her eighteenth birthday until her graduation from high school or nineteenth birthday, whichever occurs first.
5. The defendant having visitation to include, but not limited to the following:
a) five weeks in the summer and alternating holidays which include Thanksgiving, Christmas, and spring break.
b) Defendant shall be entitled to visit with minor child when he is in Wisconsin during nonscheduled visitation time.
c) Defendant shall be entitled to unlimited phone access to his daughter.
6. The defendant is to pay the plaintiff, as periodic alimony, the sum of $100 per week. Said alimony shall be payable for a period of three years from the date of this decree and shall not be modifiable as to either term or amount regardless of the plaintiff's income, employment, physical health or disability or ability to work.
7. The parties are to retain their respective retirement or 401(k) plans, free and clear of any claim by the other.
Kocay, J.